**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EDWIN FIGUEROA<br>410 S. Lincoln Avenue<br>Lebanon, PA 17604<br><br>Plaintiff,<br><br>v.<br><br>NHT LOGISTICS, INC.<br>340 S. Muddy Creek Road<br>Denver, PA 17517<br><br>Defendant. | CIVIL ACTION NO. ____________<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT – CIVIL ACTION**

Plaintiff, Edwin Figueroa ("Plaintiff"), by and through her undersigned attorneys, for his Complaint against Defendant, NHT Logistics, Inc. ("Defendant"), alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action to redress violations by Defendant of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* and the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* ("PHRA").

**PARTIES**

2. Plaintiff Edwin Figueroa is a citizen of the United States and Pennsylvania, and currently maintains a residence at 410 S. Lincoln Avenue, Lebanon, PA 17604.

3. Defendant NHT Logistics, Inc. is a corporation incorporated in the State of Pennsylvania, where it maintains its principal place of business at 340 S. Muddy Creek Road, Denver, PA 17517.

4. At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment and for Defendant.

**JURISDICTION AND VENUE**

5. On or about June 24, 2025, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), and 43 P.S. § 959 (a). Plaintiff's EEOC Charge was docketed as No: 530-2025-08363. Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

6. By correspondence dated July 8, 2026, Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge, advising that Plaintiff had ninety (90) days to file suit against Defendant.

7. Plaintiff filed the instant action within the statutory time frame applicable to his claims.

8. This is an action authorized and instituted pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*

9. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

10. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims arise out of the same common nucleus of operative fact as his federal claims.

11. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein and the unlawful practice of which Plaintiff is complaining were committed in this judicial district.

**FACTUAL ALLEGATIONS**

12. Paragraphs 1 through 11 are hereby incorporated by reference as though the same were fully set forth at length herein.

13. On or about May 6, 2021, Plaintiff began his employment with Defendant.

14. At all times material hereto, Plaintiff performed his job well, received occasional praise, and was subjected to no justifiable discipline.

15. On or about January 20, 2025, Plaintiff suffered a workplace injury.

16. More specifically, Plaintiff was directed to pick an order for Defendant in Defendant's dry department building.

17. Plaintiff was driving/operating a four-wheeler in order to pick up the order.

18. Four items needed to be moved out of the way so that the order could be picked as instructed by Defendant.

19. While Plaintiff was moving the items out of the way, the four-wheeler flipped over.

20. As a result, Plaintiff broke his pelvic and sustained additional injuries.

21. Defendant's employees took him to the hospital.

22. Plaintiff was hospitalized for three and a half days.

23. Plaintiff's broken pelvis constitutes a disability within the meaning of the ADA and PHRA in that it substantially impairs one ore more of Plaintiff's major life activities.

24. As a result of Plaintiff's disability, he was placed out of work and requested a reasonable accommodation in connection to the same per his treating doctor(s).

25. More specifically, Plaintiff requested a medical leave of absence for three (3) to four (4) weeks, as Plaintiff's treating doctor(s) specifically identified 3 to 4 weeks as the likely appropriate amount of time to be out of work in order to recover and then return to work on light duty.

26. Plaintiff informed Defendant of the same, specifically making his request for reasonable accommodation.

27. Defendant very clearly discriminated and retaliated against Plaintiff because of his disability and for making his request for accommodation.

28. Merely three (3) days later, on or about January 23, 2025, Plaintiff was suddenly and unexpectedly terminated from his employment.

29. Plaintiff's termination from employment occurred in notably close temporal proximity to when he notified Defendant of his disability and requested a reasonable accommodation.

30. Plaintiff received a phone call from Defendant's Human Resources Ericka Last Name Unknown ("Ericka LNU") and Defendant's COO Paul Last Name Unknown ("Paul LNU"), who stated, "We're going to have to part ways with you."

31. Defendant never even inquired how Plaintiff doing or feeling, nor inquired about any further information about Plaintiff's disability and/or request for reasonable accommodation.

32. Thus, Defendant did not engage in any interactive process whatsoever, as required by the ADA and PHRA.

33. Notably, since Plaintiff's start of employment, he did not receive any write-ups, warnings, or was subjected to any justifiable discipline.

34. Likewise, Defendant did not and would not provide Plaintiff with a reason as to why he was being terminated.

35. The aforementioned makes it more evident that Plaintiff was actually terminated because of his disability and/or in retaliation for his requests for reasonable accommodation.

36. In light of the foregoing, it is believed and therefore averred that Defendant ultimately terminated Plaintiff's employment on account of his actual and/or perceived disability, for his past record of impairment, because Defendant regarded him as being disabled, and in retaliation for Plaintiff's requests for a reasonable accommodation in connection thereto, in violation of the ADA and PHRA.

37. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, loss of potential benefits, and other economic damages, and also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation.

## COUNT I
## AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. § 12101, *et seq.*
## DISCRIMINATION & RETALIATION

38. Paragraphs 1 through 37 are hereby incorporated by reference as though the same were fully set forth at length herein.

39. At all times relevant hereto, Plaintiff was an employee within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.

40. Pursuant to the ADA, Plaintiff is a qualified individual with one or more disabilities.

41. Plaintiff's disabilities substantially limits his ability to engage in one or more major life activities.

42. Defendant was aware of Plaintiff's disabilities and/or regarded Plaintiff as being disabled.

43. Despite his disabilities, Plaintiff would have been able to perform the essential functions of his job with or without a reasonable accommodation.

44. Plaintiff made a reasonable request for accommodation with Defendant in connection thereto.

45. Defendant did not engage in an interactive process subsequent to Plaintiff's reasonable request for accommodation and retaliated against Plaintiff for his requests, ultimately terminating Plaintiff from employment.

46. By reasons of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the ADA by terminating Plaintiff from employment because of his actual and/or perceived disabilities, for his past record of impairment, because Defendant regarded him as being disabled, and in retaliation for his requests for a reasonable accommodation in connection thereto.

47. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, bonuses, and compensatory damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

**COUNT II**
**PENNSYLVANIA HUMAN RELATIONS ACT**
**43 P.S. § 951, *et seq.***
**DISABILITY DISCRIMINATION AND RETALIATION**

48. Paragraphs 1 through 47 are hereby incorporated by reference as though the same were fully set forth at length herein.

49. Plaintiff is a qualified individual with a disability within the meaning of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, which substantially limits Plaintiff's ability to perform one or more major life activities.

50. Plaintiff was/is able to perform the essential functions of his job with or without a reasonable accommodation.

51. It is believed and therefore averred that Defendant terminated Plaintiff from employment because of his actual and/or perceived disabilities, for his past record of impairment, because Defendant regarded him as being disabled, and in retaliation for his requests for a reasonable accommodation in connection thereto.

52. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

53. The conduct described above constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*, and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, bonuses, and compensatory damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

C. Pre-judgment interest in an appropriate amount; and

D. Such other and further relief as is just and equitable under the circumstances.

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of caps on certain damages as set forth by applicable law.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: *_/s/ Andrew J. Schreiber_*
Andrew J. Schreiber, Esq.
Michael Murphy, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
aschreiber@phillyemploymentlawyer.com
murphy@phillyemploymentlawyer.com
*Attorneys for Plaintiff*

Dated: October 5, 2026

**DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.